MATTER OF MICHIGAN STATE UNIVERSITY

In VISA PETITION Proceedings

DET-N-1580

*Decided by Acting Regional Commissioner June 14, 1963.*

An alien of distinguished merit and ability coming to a university as a research associate to prepare and establish course material for a new program leading to the B.A. degree in Chinese language and literature is eligible for nonimmigrant status under section 101(a)(15)(H)(i), Immigration and Nationality Act, since the position is temporary in nature and will be abolished after organization of the new program which will become a permanent part of the university curriculum.

This case is before me on appeal. The District Director denied the petition to classify the beneficiary as a nonimmigrant under section 101(a)(15)(H)(i) of the Immigration and Nationality Act on the ground that the position to be filled by the beneficiary is permanent in nature.

The requirement for the classification sought is that the beneficiary be an alien of distinguished merit and ability who is coming for a temporary period as a nonimmigrant to perform duties which are themselves temporary in nature. It is conceded that the qualifications of the beneficiary meet the high requirements of the Act. The question to be resolved is whether the duties to be performed are themselves temporary in nature.[1]

The petitioner is initiating a program leading to a B.A. degree in Chinese language and literature in the Department of Foreign Languages. The services of the beneficiary are sought for a temporary period to prepare course outlines, bibliographies, and teaching materials for the new program. The position will be that of a Research Associate, which position will be abolished after the new program is organized. The Chairman of the Department of Foreign Languages states that this will be within a year or so. The new program in Chinese language and literature will become a permanent part of the cur-

---

[1] *Matter of M—S—H*, 8 I. & N. Dec. 460.

ricula of the petitioning institution. However, the position to be filled by the beneficiary is temporary in nature. After the program is established, her services will be required no longer. The beneficiary, according to the petitioner, is eminently qualified to create the course material for the program. It is concluded that the position to be filled by the beneficiary is temporary in nature. Accordingly, the appeal will be sustained.

**ORDER:** It is ordered that the appeal in the above cited case be and the same is hereby sustained.